# Adler, Durham & Co. v. Bell.

### Statutory Action of Ejectment.

1. *Appeal; facts not disclosed in abstract will not be considered.*—Under the rules of practice in the Supreme Court, when the appellee submits his case upon the facts set forth in appellant's abstract, the court will not consider any matter or fact in the record, which is not contained in the abstract.

2. *Ejectment; priority of title.*—Where, in an action of ejectment the plaintiff bases his right of recovery upon a sheriff's deed founded on an attachment levied upon the land sued for subsequent to the execution to the defendant of a mortgage on said land supported by a valuable consideration, the plaintiff's title to the land entitling him to recover in such action is dependent upon showing that said mortgage was fraudulent and void as to plaintiff.

APPEAL from Circuit Court of Fayette.

Tried before the Hon. SAMUEL H SPROTT.

The appeal in this case is prosecuted from a judgment in favor of the defendant in an action of ejectment, brought by the appellant against the appellee. The facts of the case are sufficiently stated in the opinion.

APPLING, McGUIRE & COLLIER, for appellants.—The mortgage on the lands in question was given to secure Bell, not only on a contingent liability, but the debt was antecedent. It was not a contemporaneous debt, nor was any money paid then, or at any other time by Sudduth to Bell. This stamps the conveyance as invalid.— *Proskauer v. Peoples Sav. Bank,* 77 Ala. 261. "The mere fact of having become surety on an antecedent bond is not a valuable consideration, sufficient to sustain an absolute conveyance against the creditors of the grantor, the surety incurring no new, additional, or contemporaneous liability."—*Harmon v. McRae,* 91 Ala. 409. A

proper test, it seems, as to whether the plaintiff or defendant below ought to have recovered the lands, is, "Could the defendant in the attachment suit, Sudduth, have recovered in a suit on the attachment against the attaching creditors?" No recovery could have been had thereon.—*Campbell v. Hopkins*, 87 Ala. 183; 22 Pick. 269; 23 Pick. 323; *Bank v. Jeffries*, 73 Ala. 194.

JONES, MAYFIELD & BROWN, *contra.*—The burden of proof was on the plaintiff to show fraud, and this burden was not met, since the facts not only fail to show the fraud, but rebut any such presumption.—*Howell v. Carden*, 99 Ala. 100; *Cooper v. Berney Nat. Bank*, 99 Ala. 119. If the transaction be an assignment or a mortgage, it can not be declared void unless the assignee or mortgagee knew of or participated in the fraud; and it could not be rendered fraudulent because the grantor made fraudulent sales to third persons, or retained proceeds of which the grantee had no knowledge.—*Cooper v. Berney Nat. Bank*, 99 Ala. 119; *Truss v. Davidson*, 90 Ala. 366; *Shealey & Flinn v. Edwards*, 75 Ala. 411; *Marshall v. Croom*, 60 Ala. 121.

COLEMAN, J.—On August 14th, 1894, the appellants, as plaintiffs, instituted this action in ejectment to recover a certain storehouse and lot. By agreement of parties the case was tried by the court without a jury "upon the agreed statement of facts herein filed," and that the "finding of the court upon the facts as agreed upon shall have the same effect as a verdict of a jury," &c. The court found the issue in favor of the defendant, and rendered judgment accordingly. The facts show that plaintiffs began their suit by attachment on the 19th day of November, 1892, against one J. A. Sudduth, which attachment suit was prosecuted to judgment on the 16th of March, 1893. The attachment was levied upon the storehouse and lot in controversy. The storehouse and lot was sold on the 12th of June, 1893, by the sheriff by virtue of an order of sale founded upon the judgment, and the plaintiffs became the purchasers. The levy, judgment, order of sale, sale, and sheriff's deed, seem to be regular, and it also appears that plaintiffs' debt was contracted on March 1st, 1892. The defendant J. A. Sudduth had been in possession of and owned

in fee the storehouse and lot prior and up to 28th day of October, 1892.

Prior to said 28th day of October, (how long is not stated), J. A. Sudduth executed his promissory note to one Bobo with H. M. Bell, the appellee, as surety, for fifteen hundred dollars, the said Bell agreeing to become bound as surety upon the consideration and with the understanding that J. A. Sudduth would execute to him a mortgage upon the property to indemnify and save him harmless, and would otherwise indemnify him with collaterals. In pursuance of said parol agreement to indemnify the said Bell, Sudduth executed to him a mortgage on the property on the 28th day of October, 1892, and put Bell in possession of the same, and at the same time transferred to him as further indemnity certain collateral claims. The facts show that from the collaterals, Bell had realized from five to six hundred dollars, that the storehouse and lot were worth about six hundred dollars, and that the residence of J. A. Sudduth, which was included in the mortgage to Bell, was worth about two hundred dollars. Bell had been in possession of the property since the 28th day of October, 1892, by a tenant, and that its rental value was twelve dollars per month. On the day of the execution of the mortgage, but afterwards, J. A. Sudduth executed a deed of general assignment for the benefit of his creditors to Peters.

The abstract contains the following statement : "Deed of Sidney Sudduth et ai. to C. M. Sudduth, wife of Jared A. Sudduth, Exhibit D (see transcript pages 24 to 29,) and the deed of Jared A. Sudduth to his wife, C. M. Sudduth, Exhibit E. (see transcript pages 25 and 26) respectively, are referred to as a part of this abstract and made part hereof," &c. It would be a direct violation of the rules of the court, as well as matter of injustice to the appellees who have submitted their cause upon the facts contained in the abstract of appellants, for this court to refer to, examine or be influenced by matter in the record and not contained in the abstract. And in this connection we would observe that the argument of appellants' counsel based upon the assertion that J. A. Sudduth and Bell were nearly related, is not supported by any statement or word to be found in their abstract. Moreover, the facts contained in the abstract

of appellants tend to show that H. M. Bell had no knowledge or information at the time he agreed to become bound as surety, or at the time of the execution of the mortgage to him, either that Jared A. Sudduth was insolvent or in failing circumstances, or had in view the execution of the deed of general assignment or any other conveyances. The real case made by the abstract is, a suit by plaintiff in ejectment, to recover upon a sheriff's title, founded upon an attachment levied subsequent to the execution of a mortgage to an innocent mortgagee supported by a valuable consideration. Even were we to hold, as insisted upon by appellants' counsel, that under the circumstances, the mortgage to Bell must be regarded as a part of the general assignment, this conclusion would not aid appellants. The facts show that plaintiffs have received their *pro rata* from the assignee, under the general assignment. They do not and would not be permitted in this suit, after receiving their dividend and holding to it, to attack the general assignment as fraudulent and void. Plaintiffs' title in this action depends entirely upon showing that the mortgage to Bell was not a part of the general assignment, but was fraudulent and void as to plaintiffs. The agreed facts as contained in the abstract do not authorize this conclusion.

The judgment of the circuit court must be affirmed.